UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THEODORE PARISIENNE,

                Plaintiff,

    – against –

SCRIPPS MEDIA, INC.,

             Defendant.

**OPINION & ORDER**

19 Civ. 8612 (ER)

RAMOS, D.J.:

Theodore Parisienne brings this action against Scripps Media, Inc., asserting a claim for copyright infringement under 17 U.S.C. §§ 106, 501. Pending before the Court is Scripps' motion to dismiss the Amended Complaint as time barred under the three-year statute of limitations provision of the Copyright Act, 17 U.S.C. § 507(b). Doc. 20. Because Parisienne's claims cannot be dismissed as untimely at this stage in the litigation, Scripps' motion is DENIED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Theodore Parisienne is a professional photographer who licenses his photographs to online and print media. Doc. 17 ¶ 5.[1] At issue in this case are two photographs that Parisienne took of a person on the wires of the Brooklyn Bridge (the "Photographs"). *Id*. ¶ 9. Parisienne licensed the Photographs to the New York Daily News, which ran a story that reproduced the Photographs on November 17, 2014. *Id.* ¶ 10; Doc. 17 Ex. B. Parisienne has always been the sole owner of all right, title, and interest in the Photographs. *Id.* ¶ 11. He registered the Photographs, along with

---

[1] The operative complaint is the First Amended Complaint ("FAC"), Doc. 17.

two other photographs of the same person, with the United States Copyright Office under registration number VA 2-118-788 on September 11, 2018.  *Id*. ¶ 12; Doc. 17 Ex. C.

On March 15, 2016, Scripps Media published an article on its website, www.cracked.com, entitled "6 Famous Places That A-Holes Have Made Intolerable To Visit," which featured the Photographs.  *Id*. ¶ 13; Doc. 17 Ex. D.  Scripps did not license the Photographs from Parisienne and did not have permission to publish the Photographs on its website.  *Id*. ¶ 14.

Parisienne retained his counsel, the Liebowitz Law Firm, PLLC, on or about September 21, 2016.  *Id*. ¶ 15.  The Liebowitz Law Firm provides services to clients including "register[ing] photographs with the Copyright Office and search[ing] the internet to locate infringements."  *Id*. ¶ 17.  Parisienne did not search for infringements of his photographs prior to retaining the Liebowitz Law Firm.  *Id*. ¶ 16.  Parisienne discovered Scripps' unauthorized use of his photographs via the Liebowitz Law Firm on September 4, 2018.  *Id*. ¶ 18.  Parisienne's discovery of the alleged infringement prompted him to register the Photographs with the Copyright Office on September 11, 2018.  *Id*. ¶ 20.  According to Parisienne, prior to discovering Scripps' infringing conduct, "there were no triggering events or 'storm warnings'" to put Parisienne on inquiry notice that the Photographs were being used without his authority.  *Id*. ¶ 21.

## B.  Procedural History

Parisienne brought this action on September 16, 2019.  Doc. 1.  On January 6, 2021, Scripps filed a motion to dismiss the complaint as time barred by the relevant statute of limitations.  Doc. 14.  Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Parisienne filed the FAC on January 20, 2021, adding factual allegations relevant to the statute of limitations issue.  Doc. 17.  On January 29, 2021, the Court approved the parties' proposed briefing schedule and allowed Scripps to move to dismiss

the FAC.  Doc. 19.  On March 1, 2021, Scripps filed the instant motion to dismiss the FAC as time

barred and for attorney's fees and sanctions.  Doc. 20.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which

relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss pursuant to

Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all

reasonable inferences in the plaintiff's favor.  *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145

(2d Cir. 2012).  The Court is not required, however, to credit "mere conclusory statements" or

"[t]hreadbare recitals of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim is facially plausible

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  In

resolving a 12(b)(6) motion, a district court may consider the facts alleged in the complaint,

documents attached to the complaint as exhibits, and documents incorporated by reference in the

complaint.  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

"The pleading requirements in the Federal Rules of Civil Procedure, however, do not

compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and

to affirmatively plead facts in avoidance of such defenses."  *Abbas v. Dixon*, 480 F.3d 636, 640

(2d Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 1999 (2007)).  A defendant's "argument that

[p]laintiff's copyright infringement claims must be dismissed on statute of limitations grounds 'is

an affirmative defense for which [defendant] bear[s] the burden of proof.'"  *Lefkowitz v. McGraw-

Hill Global Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 358 (S.D.N.Y. 2014) (quoting *United States

v. Livecchi*, 711 F.3d 345, 352 (2d Cir. 2013)).  "A court may dismiss a copyright infringement

claim on statute of limitations grounds at the pleadings stage where 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *PK Music Performance, Inc. v. Timberlake*, No. 16 Civ. 1215 (VSB), 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018) (quoting *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015)).  "However, where there is even 'some doubt' as to whether dismissal is warranted, a court should not grant a Rule 12(b)(6) motion on statute of limitations grounds." *Id*. (citing *Ortiz v. Cornetta*, 867 F.2d 146, 149 (2d Cir. 1989)).

## III.   DISCUSSION

### A.  Application of the Discovery Rule

Scripps moves to dismiss Parisienne's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Parisienne's claims are time barred under the Copyright Act's three-year statute of limitations provision, 17 U.S.C. § 507(b).  Scripps asserts that the claim accrued on March 15, 2016—the date that the article featuring the Photographs was published on www.cracked.com—and that the discovery rule should not apply to this case.  Doc. 21 at 5-6. Scripps does not contend that Parisienne had actual notice of the alleged violations more than three years before the filing of the complaint, but rather that Parisienne, with due diligence, should have discovered the infringing acts more than three years prior to September 16, 2019, the date he brought this claim.  *Id.* at 6-8.

Civil actions under the Copyright Act must be brought "within three years after the claim accrued."  17 U.S.C § 507(b); *accord, e.g., Petrella v. Metro–Goldwyn–Mayer, Inc.*, 572 U.S. 663, 670 (2014); *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014).  "The Second Circuit, like 'every Circuit to have considered the issue of claim accrual in the context of infringement claims,' follows the 'discovery rule,' under which 'copyright infringement claims do

not accrue until actual or constructive discovery of the relevant infringement.'" *Wu v. John Wiley & Sons, Inc.*, No. 14 Civ. 6746 (AKH) (AJP), 2015 WL 5254885, at *4 (S.D.N.Y. Sept. 10, 2015) (quoting *Psihoyos*, 748 F.3d at 124–25 & n.3 (collecting cases)). "Therefore, a copyright infringement claim accrues when a plaintiff discovers, or with due diligence should have discovered, the relevant infringement." *PK Music Performance, Inc.*, 2018 WL 4759737, at *7 (citing *Psihoyos*, 748 F.3d at 124). However, a copyright holder does not have a general duty to "police the internet to discover [a defendant's] use of his [p]hotograph[s]." *Hirsch v. Rehs Galleries, Inc.,* No. 18 Civ. 11864 (VSB), 2020 WL 917213, at *5 (S.D.N.Y. Feb. 26, 2020).

"In determining the time at which discovery . . . occurred, terms such as inquiry notice and storm warnings may be useful to the extent that they identify a time when the facts would have prompted a reasonably diligent plaintiff to begin investigating." *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010) (internal quotations omitted). However, "the limitations period does not begin to run until the plaintiff thereafter discovers or a reasonably diligent plaintiff would have discovered the facts constituting the violation. . . irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." *Id*. (internal quotations and citations omitted). "The standard for whether a plaintiff should have discovered the relevant infringement is an objective one." *Masi v. Moguldom Media Grp. LLC*, No. 18 Civ. 2402 (PAC), 2019 WL 3287819, at *5 (S.D.N.Y. July 22, 2019) (quoting *PK Music Performance, Inc.*, 2018 WL 4759737, at *7); *see also Wu v. John Wiley & Sons, Inc*., 2015 WL 5254885, at *6 (knowledge that textbook publishers generally exceed licenses was not sufficient to constitute constructive discovery of specific infringement); *Staehr v. Hartford Fin. Servs. Grp. Inc.*, 547 F.3d 406, 427 (2d Cir. 2008) ("Whether a plaintiff was placed on inquiry notice is analyzed under an objective standard."). To dispute the date on which the claims accrued in copyright cases, a defendant must produce

evidence "that would have been sufficient to awaken inquiry." *Michael Grecco Prods., Inc. v. Valuewalk, LLC*, 345 F. Supp. 3d 482, 512 (S.D.N.Y. 2018) (finding that evidence in the record was insufficient to determine when the statute of limitations began to run); *see also Sohm v. Scholastic, Inc.*, No. 16 Civ. 7098 (JPO), 2018 WL 1605214, at *11 (S.D.N.Y.  Mar. 28, 2018), *aff'd in part, rev'd in part and remanded*, 959 F.3d 39 (2d. Cir 2020) (holding that defendant failed to meet their evidentiary burden on a motion for partial summary judgment by not including affirmative evidence "sufficient to awaken inquiry and prompt an audit" by plaintiffs) (internal citation omitted).

Scripps argues that the Court should exercise its discretion and use this case as an example where the discovery rule does not apply because the "article gave [] Parisienne credit for the photos – this information was public, available, and searchable since March 2016."  Doc. 21 at 6.  Scripps argues that the claim is therefore time barred because the discovery rule does not apply to Parisienne's claim.  *Id*.  at 8.  However, in *Psihoyos*, the Second Circuit stated that the "text and structure of the Copyright Act . . . evince Congress's intent to employ the discovery rule, not the injury rule."  748 F.3d at 124.  Additionally, although *Psihoyos* addressed a copyright infringement claim, the court's holding construed the text of 17 U.S.C. § 507(b), the Copyright Act's statute of limitations provision, which applies to all "civil action[s]. . .  maintained under the provisions of [Title 17]."  17 U.S.C. § 507(b).

Here, Scripps argues that Parisienne should have discovered the copyright infringement as early as March 16, 2016, when the article was posted on the website, because the article included Parisienne's name in the caption of the Photographs.  Doc. 21 at 8.  However, Scripps fails to identify any inquiry notice or "storm warning" which should have prompted Parisienne to conduct a "reasonably diligent investigation" on this date.  *See Merck & Co.*, 559 U.S. at 653.

**B. Parisienne's Credibility, Due Diligence, and Notice of Inquiry**

Scripps makes two primary arguments in support of its argument that the discovery rule should not apply, both critical of Parisienne's credibility:  (1) that Parisienne is a serial litigator, having brought 26 copyright infringement suits over the use of his photographs on the internet to date, beginning as early as October 24, 2016 and (2) that Parisienne retained the Liebowitz Law Firm on September 21, 2016 to search for alleged infringements on his photographs and therefore should have discovered his claims earlier.  Doc. 21 at 8-10.  These arguments completely fail for the simple reason that, even if Scripps is right and Parisienne should have discovered the infringing conduct as early as September 21, 2016 when he retained counsel, or October 24, 2016, when he brought his first action for copyright infringement in this district, his claims would still not be time barred as they were filed on September 16, 2019, less than three years after the earliest dates on which Scripps argues Parisienne should have discovered his claims.  *See* Doc. 1.

Scripps additionally argues that Parisienne and his attorney are experienced in copyright infringement issues and were put on notice of inquiry when they filed other suits on Parisienne's behalf.  Doc. 21 at 3.  Scripps relies on *Minden Pictures*, where the court concluded that a reasonable copyright holder in Minden Pictures' position—that is, a seasoned litigator that had previously filed 36 lawsuits to protect its copyrights—should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period.  *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 467 (S.D.N.Y. 2019).  "Courts may consider the relative sophistication of parties in a copyright suit."  *Id.* (citing *D.C. Comics, Inc. v. Mini Gift Shop*, 912 F.2d 29, 35-36 (2d Cir. 1990) (considering the relative sophistication of parties); *Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989) (a court "may take into account the attitude and conduct of the parties"); *Little Mole Music v. Spike Investment, Inc.*, 720

F.Supp. 751, 755 (W.D. Mo. 1989) ("experienced operators[ ] in the . . . business" were not innocent infringers); *Castle Rock Entm't v. Carol Publ'g Group, Inc.,* 955 F.Supp. 260 (S.D.N.Y. 1997) (Sotomayor, D.J.), *aff'd,* 150 F.3d 132 (2d Cir. 1998) (district court finding willful infringement because, inter alia, the "defendants are sophisticated with respect to such matters")).

As the Second Circuit explained in *Kronisch v. United States*,

[d]iscovery of the "critical facts" of injury and causation is not an exacting requirement, but requires only knowledge of, or knowledge that could lead to, the basic facts of the injury . . . [A] claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice. A claim does not accrue when a person has a mere hunch, hint, suspicion, or rumor of a claim but such suspicions do give rise to a duty to inquire into the possible existence of a claim in the exercise of due diligence.

150 F.3d 112, 121 (2d Cir. 1998) (internal citations omitted). A plaintiff need not know every permutation of their injury—they simply need to have a suspicion of the injury and its cause to be put on inquiry notice. *See Thompson v. Metropolitan Life Ins. Co.*, 149 F. Supp. 2d 38, 48 (S.D.N.Y. 2001). The test is not whether a plaintiff could have learned of their injury; rather, it is whether, with the application of reasonable diligence, they should have known of their injury. *Thompson*, 149 F. Supp. 2d at 52.

The case at bar is distinguishable from that in *Minden Pictures*. In that case, the copyright holder had filed 36 lawsuits, beginning in 2010, eight years before it brought suit against Buzzfeed, claiming that it had not discovered the allegedly infringing use of its photographs—some which were posted as early as 2011—until 2017. *Minden Pictures*, 390 F. Supp. 3d at 467. While Scripps directs the Court's attention to the Liebowitz Law Firm's sophistication and experience with copyright infringement cases, the record shows that the Liebowitz Law Firm discovered the infringement within the statutory time period after being retained as counsel. Doc. 21 at 4. The Court therefore directs its attention to Parisienne's sophistication as an individual litigant, since

8

Scripps argues that Parisienne should have discovered the infringement as early as March 15, 2016, because the website gives Parisienne attribution credit by name and is "public, available and searchable." Doc. 21 at 6; Doc. 24 at 3-4. However, Parisienne does not have a general duty to police the internet for infringements of his Photographs. *See Hirsch*, 2020 WL 917213, at *5. Nor has Scripps provided sufficient evidence or explanation for how Parisienne should have known about the alleged infringement, or been put on inquiry notice, between March 15, 2016 and September 21, 2016, when he retained counsel. *See Michael Grecco Prods., Inc.*, 345 F. Supp. 3d at 512. Thus, the Court cannot dismiss Parisienne's copyright infringement claim as time barred.

Accordingly, it is not "clear from the face of the complaint . . . that [Parisienne's] claims are barred as a matter of law," and there is "some doubt as to whether the dismissal is warranted," especially considering that Defendant bears the burden of proof when raising the statute of limitations as an affirmative defense. *PK Music Performance, Inc.*, 2018 WL 4759737, at *7 (internal quotation marks and citations omitted.). The Court therefore declines Scripps' invitation to depart from applying the discovery rule and finds that Parisienne's action is not time barred: applying either the September 2016 date, when Parisienne retained counsel, or the September 2018 date, when he discovered the use of the Photographs, the statute of limitations does not bar this case. Therefore, Parisienne's Amended Complaint cannot be dismissed as barred by the statute of limitations at this juncture.

## IV. CONCLUSION

For the foregoing reasons, Scripps' motion to dismiss is DENIED. The parties are directed to appear for an initial conference on September 16, 2021 at 9:30 a.m. The parties are directed to dial (877) 411-9748 and enter access code 3029857# at that time. The Clerk of the Court is

respectfully directed to terminate the motions, Docs. 14 and 20.

It is SO ORDERED.

Dated:     August 17, 2021
           New York, New York

_____
                    Edgardo Ramos, U.S.D.J.